IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LEILANI LADAWN PEWITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:11-cv-00586 |
| v. | ) | Judge Nixon |
| | ) | Magistrate Judge Griffin |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is a Motion for Award of Attorney Fees under 42 U.S.C. § 406(b) ("Motion"), filed by counsel for Plaintiff Leilani Ladawn Pewitt and requesting an award of $19,051.50 in attorney's fees. (Doc. No. 25.) On December 2, 2011, this Court reversed a decision by the ALJ denying benefits to Plaintiff and remanded the case to Defendant Commissioner of Social Security. (Doc. No. 18.) As a result, Plaintiff's counsel received $4,454.65 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 24.) Plaintiff's counsel states that the Social Security Administration ("SSA") has since awarded Plaintiff more than $76,000.00 in past-due benefits and has withheld 25 percent of the award, or $19,051.50, for attorney's fees. (Doc. No. 26 at 1.) Defendant not filed a response to the Motion.

Before the Court grants the Motion, it requests more information from Plaintiff's counsel. While counsel has attached notices from the SSA (Doc. No. 26-1) that he states "reflect" that $19,051.50 of Plaintiff's award "has been withheld" for attorney's fees (Doc. No. 26 at 1), the Court finds these notices do not support this statement. The first notice informs Plaintiff that her counsel may seek $13,109.00 in fees, but does state the SSA has withheld this amount. (Doc.

1

No. 26-1 at 2.) Otherwise, though the second and third notices state the SSA has withheld a total of $5,942.50 from Plaintiff's award for attorney's fees (Doc. No. 26-1 at 9, 13), these alone do not amount to the total fees award counsel states the SSA has withheld.

Accordingly, the Court **DIRECTS** Plaintiff's counsel to file additional documentation in the form of an affidavit or additional notices to clarify this discrepancy on or before July 1, 2013. In addition, the Court **EXTENDS** the deadline for the Commissioner to file a response to July 1, 2013.

It is so ORDERED.

Entered this the 22nd day of June, 2013.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT